IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH ANN COBB and RICHARD COBB, | : | Case No. 4:14-cv-0865 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| CHARLES NYE, WAGNER MILLWORK, L.L.C., WAGNER NINEVEH, L.L.C., WAGNER MILLWORK, L.L.C. d/b/a WAGNER LUMBER, and WAGNER HARDWOODS, L.L.C., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
December12, 2014

Defendants Charles Nye, Wagner Millwork, L.L.C., Wagner Nineveh,

L.L.C., and Wagner Millwork, L.L.C. d/b/a Wagner Lumber (hereinafter,

"Defendants") filed a partial Motion to Dismiss Plaintiffs Beth Ann Cobb and

Richard Cobb's Complaint for failure to state a claim upon which relief can be

granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a

Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules

of Civil Procedure. Defs.' Mot. Dismiss, May 22, 2014, ECF No. 3 (hereinafter

"Defs.' Mot."). Plaintiffs' Complaint, filed March 28, 2014 in the Court of

Common Pleas of Lackawanna County, Pennsylvania, alleges eight counts

1

including various counts of negligence, loss of consortium and requests for punitive damages.  Pl.'s Compl., Mar. 28, 2014, ECF No. 1 Ex. 1 (hereinafter "Pls.' Compl.").

Defendants seek to dismiss all requests for punitive damages in Counts Seven and Eight of Plaintiffs' Complaint.  They further request that this Court strike all allegations in Plaintiffs' Complaint of gross, wanton, willful outrageous and/or reckless conduct on the part of Defendants.  Additionally, Defendants seek a more definite statement regarding three subparagraphs in Plaintiffs' Complaint demonstrating the alleged negligence, carelessness, gross, wanton or reckless conduct of Defendant Charles Nye. This Court retains diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Consequently, Pennsylvania substantive law applies.  *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 91-92 (1938).  For the reasons discussed, Defendants' partial Motion to Dismiss and Motion for a More Definite Statement is denied.

## I. BACKGROUND

On March 28, 2014, Plaintiffs initiated the above-captioned civil action by filing a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, to recover for injuries sustained in a vehicle accident.  In their Complaint, they allege eight causes of action, including various counts of negligence, loss of consortium, and punitive damages.  On May 5, 2014,

Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446.  On May 22, 2014, Defendants moved to dismiss Counts Seven and Eight of Plaintiffs' Complaint requesting punitive damages and further to strike all allegations in Plaintiff's Complaint of  gross, wanton, willful outrageous and/or reckless conduct on the part of Defendants.  Additionally, Defendants seek a more definite statement regarding three subparagraphs in Plaintiffs' Complaint demonstrating the alleged negligence, carelessness, gross, wanton or reckless conduct of Defendant Charles Nye.

The following allegations are taken from Plaintiffs' Complaint and are accepted as true for the purposes of the instant motion.

This case arises from a vehicular accident between Plaintiffs and truck-driver Charles Nye on or about June 10, 2013 at approximately 9:00 a.m. Pls.' Compl. ¶ 12-13.  At that time, Plaintiff Richard Cobb was driving his 2012 Toyota Highlander southbound on Route 405 in Wolf Township, Lycoming County, Pennsylvania.  *Id.* ¶ 12.  Plaintiff Beth Ann Cobb was the front passenger in Mr. Cobb's vehicle. *Id.* ¶ 10.  Defendant Charles Nye was the operator of a truck owned by the remaining Defendants. *Id.* ¶ 11.  As Mr. Cobb was slowing down to enter the center lane of traffic to make a left turn, Defendant Charles Nye, who was following behind Plaintiffs, failed to similarly slow down to accommodate Plaintiffs and violently struck Plaintiffs' vehicle with the left front of his truck. *Id.*

3

¶ 13.  This caused Plaintiffs to be pushed across the northbound lane of traffic, up onto a curb, into a pole with a handicap sign, and into a parked vehicle in the parking lot of a McDonald's restaurant. *Id.*

As a result of this accident, both Mr. and Mrs. Cobb have suffered and will continue to suffer extensive injuries, both physical and mental.  Additionally, they have been and may be forced to undergo medical treatment costing substantial sums of money.  Moreover, they are currently unable to go about their usual and daily occupations and routines, and they may be unable to do so for an indefinite period of time in the future.

## II. DISCUSSION

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  *Kost*, 1 F.3d

at 183.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 663-664.

 "In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."  *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibso*n, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and

5

then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id.* at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

**B. Punitive Damages**

Defendants argue that Counts Seven and Eight of Plaintiffs' Complaint for punitive damages must be dismissed because Plaintiffs have failed to present any evidence to substantiate their allegations of gross, wanton, willful, reckless, outrageous, or reckless indifference to support their claims for punitive damages. Rather, Defendants contend, Plaintiffs only plead facts supporting a claim for

6

negligence. They further argue that all allegations of gross, wanton, willful, outrageous and/or reckless conduct should be dismissed from Plaintiffs' Complaint. Plaintiffs respond that they have alleged actions on the part of all Defendants which constitute outrageous or reckless conduct. Moreover, they cite to several district court cases in this Circuit that have held in similar circumstances that it would be premature to dismiss claims for punitive damages at this stage in the litigation.

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)). Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous conduct and to deter him from similar conduct in the future. *See id.*; *see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991). Accordingly, a punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk. *See Feld*, 485 A.2d at 1097-98.

"Although ordinary negligence will not support an award of punitive damages, 'punitive damages are appropriate for torts sounding in negligence when

7

the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'" *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (McClure, J.) (citing *Hutchison*, 870 A.2d at 770).  In making this determination, the state of mind of the actor is a vital consideration. *Id.* Moreover, there is no general proscription against pursuing damages in connection with a claim of negligent supervision, if the facts so warrant. *See Hutchison*, 870 A.2d at 773.

In this case, Plaintiffs have pled that the Defendants acted in a gross, wanton and reckless manner, and that they acted without due regard for the safety of the Plaintiffs.  These allegations, if proven, may support a claim for punitive damages, even though Plaintiffs' Complaint sounds primarily in negligence.  Discovery is necessary to make the determination of whether Defendants' actions were merely negligent or whether they were outrageous.  Consequently, dismissal at this juncture in the litigation is premature.

Other district courts in this Circuit have come to similar conclusions on this issue.  *See Young*, 2007 WL 675182 at *2-3 (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer); *see also Ferranti v. Martin*, No. 3:06cv1694, 2007 WL 111272, at *2 (M.D.Pa. Jan. 19, 2007)

(Munley, J.) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery).

Notably, Defendants do not cite to a single case in which a punitive damages claim was dismissed at this stage because the plaintiff merely asserted negligence claims. As such, Defendants' Motion to Dismiss with regard to Counts Seven and Eight of Plaintiffs' Complaint for punitive damages is denied. Moreover, because Plaintiffs' claim for punitive damages rests on their allegations of gross, wanton, willful, and/or reckless conduct, Defendants' request to dismiss all such allegations is similarly denied.

## C. Motion for More Definite Statement

Defendants next contend that the language of paragraphs 26(j), 26(k), and 26(l) is so vague and ambiguous that Plaintiffs should be ordered to replead them pursuant to Federal Rule of Civil Procedure 12(e). These paragraphs read:

> 26.   The negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant, Charles Nye, consisted of the following:
>
> j.   failure to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations;
> k.   operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; and
> l.   failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Wolf Township, in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania.

9

Pls.' Compl. ¶ 26.

Defendants argue that these statements are vague and ambiguous because they allude to the violations of statutes and regulations, yet they do not specifically define what those statutes and regulations might be.  Plaintiffs counter that the Complaint as a whole sufficiently apprises Defendants of the cause of action against them for negligence in failing to properly and safely operate a tractor-trailer, and in allowing an employee who lacked sufficient skill and judgment to operate the tractor-trailer.

Federal Rule of Civil Procedure 12(e) allows for a party to move for a more definite statement in the rare case where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e); *see Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 797 (3d Cir. 1957).  A motion for a more definite statement is addressed to the sound discretion of the court, and will be granted only in a small subset of cases. *See Sun Co., Inc. v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 368 (E.D.Pa. 1996); *see also Robinson v. Penn Central Co.*, 336 F.Supp. 658, 659 (E.D.Pa. 1971).  "The basis for granting such a motion is unintelligibility, not lack of detail."  *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F.Supp. 684, 691 (W.D.Pa. 1989).  "With the exception of allegations of fraud and mistake, there is no requirement in the

rules that pleading be particular." *See Sun Co.*, 939 F.Supp. at 374(citing 2A J.

Moore, Moore's Federal Practice ¶ 12.18[1] at 12-161 (1995)).

The Court is unpersuaded that Plaintiffs' pleading in ¶ 26(j-l) is "so vague or

ambiguous" as to prevent Defendants from understanding the charges against them

and preparing a response to the Complaint.  It is clear to this Court that Plaintiffs

are alleging that Defendant Nye acted carelessly in operating his tractor-trailer, for

a variety of reasons, several of which are his failure to abide by the applicable

driving regulations.  Plaintiffs need not, at this stage, plead with particularity the

exact statutes and regulations that they are charging Defendants with violating.

Consequently, Defendants' Motion for a More Definite Statement is denied.

## III. CONCLUSION

In sum, and in consideration of the preceding discussion, Defendants' partial

Motion to Dismiss and Motion for a More Definite Statement is dismissed in its

entirety.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

11