IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BETH ANN COBB and  RICHARD  :
COBB,                             :    Case No. 4:14-cv-0865
                                   :
         Plaintiffs,           :
                                   :
        v.                     :    (Judge Brann)
                                   :
CHARLES NYE, WAGNER       :
MILLWORK, L.L.C., WAGNER   :
NINEVEH, L.L.C., WAGNER     :
MILLWORK, L.L.C. d/b/a        :
WAGNER LUMBER, and         :
WAGNER HARDWOODS, L.L.C.,  :
                                   :
        Defendants.         :

**MEMORANDUM**
June 12, 2015

      Plaintiffs Beth Ann Cobb and Richard Cobb (hereinafter "Plaintiffs") have

filed a motion to dismiss Defendants Charles Nye, Wagner Millwork, L.L.C.,

Wagner Nineveh, L.L.C., Wagner Millwork, L.L.C. d/b/a Wagner Lumber, and

Wagner Hardwoods, L.L.C.'s (hereinafter, "Defendants") crossclaim against

Plaintiff Richard Cobb for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants

responded by filing a joint motion to sever the claims of Richard and Beth Ann

Cobb pursuant to Rule 21 of the Federal Rules of Civil Procedure and a motion for

1

leave to file a third party complaint as to Richard Cobb in the severed action of Beth Ann Cobb.

Plaintiffs' Complaint, filed March 28, 2014 in the Court of Common Pleas of Lackawanna County, Pennsylvania, alleges eight counts including various counts of negligence, loss of consortium and requests for punitive damages.  Pl.'s Compl., Mar. 28, 2014, ECF No. 1 Ex. 1 (hereinafter "Pls.' Compl.").  Defendant's Answer, filed December 31, 2014, asserts a crossclaim against Richard Cobb for indemnification and/or contribution to the extent Defendants are found liable for Beth Ann Cobb's injury.  For the following reasons, both Plaintiffs' motion to dismiss and Defendants' motion to sever are granted.  Moreover, Defendants' motion for leave to file a third party complaint is granted.

## I. BACKGROUND

The following allegations are taken from Plaintiffs' complaint.  This case arises from a vehicular accident between Plaintiffs and truck-driver Charles Nye on or about June 10, 2013 at approximately 9:00 a.m.  At that time, Plaintiff Richard Cobb was driving his 2012 Toyota Highlander southbound on Route 405 in Wolf Township, Lycoming County, Pennsylvania.  Plaintiff Beth Ann Cobb was the front passenger in Mr. Cobb's vehicle.  Defendant Charles Nye was the operator of a truck owned by the remaining Defendants.  As Mr. Cobb was slowing down to enter the center lane of traffic to make a left turn, Defendant Charles Nye, who was

following behind Plaintiffs, failed to similarly slow down to accommodate Plaintiffs and violently struck Plaintiffs' vehicle with the left front of his truck. This caused Plaintiffs to be pushed across the northbound lane of traffic, up onto a curb, into a pole with a handicap sign, and into a parked vehicle in the parking lot of a McDonald's restaurant.

As a result of this accident, both Mr. and Mrs. Cobb have suffered and will continue to suffer extensive injuries, both physical and mental.  Additionally, they have been and may be forced to undergo medical treatment costing substantial sums of money.  Moreover, they are currently unable to go about their usual and daily occupations and routines, and they may be unable to do so for an indefinite period of time in the future.

Defendants have filed an answer to Plaintiffs' complaint, in which they assert a crossclaim against Plaintiff Richard Cobb for indemnification and/or contribution to the extent they may be found liable for Beth Ann Cobb's injury. Plaintiffs now move to dismiss Defendants' crossclaim on the basis that it is improper under Federal Rule of Civil Procedure 13.  Defendants have responded with a motion to sever the claims of Richard and Beth Ann Cobb and for leave to file a third party complaint against Richard Cobb in the severed action of Beth Ann Cobb.

## II. DISCUSSION

Plaintiffs have moved to dismiss Defendants' crossclaim on the basis that it is procedurally improper under Rule 13(g) of the Federal Rules of Civil Procedure. They further argue that it must be dismissed even if this Court construes the crossclaim as a counterclaim, because a claim for contribution and/or indemnification has not matured until a judgment is entered as to Plaintiff's liability. Defendant does not respond to this argument other than to request severance, which will be discussed below.

Rule 13(g) states, in relevant part, "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Fed. R. Civ. P. 13(g). As is evident by the unambiguous language of the rule, a crossclaim may only be asserted against a coparty; it cannot be asserted against an opposing party. *See* James William Moore, *et al.*, MOORE'S FEDERAL PRACTICE ¶ 13.60. In the instant case, Defendants have asserted a crossclaim against Plaintiff Richard Cobb, who is an opposing party for purposes of Rule 13. This was a procedurally improper action.

Furthermore, Defendants may not bring their claim for contribution and/or indemnification as a counterclaim because "a defendant is not permitted to assert a counterclaim against a plaintiff until such claim has matured, and a claim for contribution or indemnity does not mature until there is a final adjudication of the party's liability and the party has paid more than his pro rata share of the judgment." *Barnes v. Maumee Express, Inc.*, No. CIV.A. 01-5766, 2003 WL 21659176, *1 (E.D.Pa. Jan. 27, 2003) (citing *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 & n.3 (3d Cir. 1970). At this point in the litigation, Defendants' claim for contribution and/or indemnification is still contingent and unripe; therefore, they are unable to bring this claim as a counterclaim.

Moreover, the only other way in which Defendants could bring their indemnification and/or contribution claim in this action would be through Rule 14(a)'s impleader procedure. That rule states, in relevant part, "A defendant party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Once again, the express language of the rule precludes the Defendants in this action from asserting their indemnification and/or contribution claim under Rule 14(a) against Richard Cobb because he is already a party to the litigation, and a defendant may only implead a nonparty. Consequently, Plaintiffs' motion to dismiss Defendants' counterclaim will be granted.

5

However, this leaves Defendants in an impossible position, whereby they would have to wait until a final determination of liability in order to recover on their claim for indemnification and/or contribution, which would necessarily entail the initiation of an additional lawsuit. *See Henz v. Superior Trucking Co.*, 96 F.R.D. 219, 220-221 (M.D.Pa. 1982) (Rambo, J.) ("Thus the combined effect of Rule 14(a) and Rule 13 is to prevent the adjudication of Grove Manufacturing's claim for contribution in conjunction with the main case as it is presently constituted."). Consequently, Defendants have requested that this Court sever the claims of Plaintiff Richard Cobb and Plaintiff Beth Ann Cobb pursuant to Federal Rule of Civil Procedure 21 to enable them to file a third party complaint against Richard Cobb for indemnification and/or contribution in the action of Beth Ann Cobb.

That rule states, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21. "[I]t is actually well–established in numerous cases that a defendant in precisely these fairly common circumstances may sever the claims of the two plaintiffs pursuant to Fed.R.Civ.P. 21 and then join the plaintiff, against whom a claim for contribution or indemnity is sought to be asserted, as a third-party defendant pursuant to Fed.R.Civ.P. 14". *See Barnes*, 2003 WL 21659176 at *1; *see also Sporia v. Pennsylvania Greyhound Lines*, 143 F.2d 105, 107 (3d Cir.

1944) ("It has already been recognized that where plaintiffs having separate causes of action join as co-plaintiffs, the defendant may obtain a severance of the claim of one of the plaintiffs in order to join him thereafter as an additional defendant as to the claim of the remaining plaintiffs.  Such a severance is proper in order to protect the defendant from being deprived of the procedural right of joinder to which he would be entitled had the severed plaintiff not joined as a co-plaintiff.  Otherwise, the right to join him as an additional defendant would depend upon the chance circumstance that he had not joined as a co-plaintiff."); *Stahl*, 424 F.2d at 56 (affirming the continued viability of *Sporia*); *Henz*, 96 F.R.D. at 221 (granting a motion to sever in a case brought by a driver and his passenger for injuries sustained during an automobile accident).

Plaintiffs have pointed to no case law which would dissuade this Court from granting the relief that Defendants now seek.  They argue, rather, that the Court should not sever their claims because their causes of action involve the exact same facts, witnesses, and evidence.  While it may be true that there may be a good deal of overlap between the two actions if they were severed, the United States Court of Appeals for the Third Circuit has already considered this argument in very similar circumstances and concluded that the claims of a driver and a passenger in an automobile accident are distinct and that severance is therefore permissible and in some cases desirable. *See Sporia*, 143 F.2d at 106 ("Equally clear is it that the

claim of Sporia and the claim of Kosana here are quite separate and distinct, each from the other. The judgments obtained, if the plaintiffs should prevail, would necessarily be different, depending upon the injuries sustained by each. And it might well be, if both Sporia and Greyhound are found to be negligent, that judgment might go against Sporia (the driver) and still be in favor of Kosana (the guest).”). Specifically, the Third Circuit in that case concluded that “[a] severance works no injustice upon any of these parties; all the so-called equities favor it.” *Id.* at 107. Accordingly, this Court will follow the line of cases which have allowed severance to accommodate the current procedural irregularity and will grant Defendants’ motion to sever.

Finally, Local Rule 14.1 provides that “[a] motion by a defendant for leave to join a third-party defendant under Fed.R.Civ.P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant’s answer to the complaint, whichever shall first occur.” Local Rule 14.1. In the instant matter, Defendants filed their answer to Plaintiffs’ complaint on December 31, 2014, and they filed their request to file a third-party complaint approximately one month later, on January 23, 2015. Because Defendants were well within the time frame provided by Local Rule 14.1, this Court will grant Defendants leave to file a third

party complaint against Plaintiff Richard Cobb in the severed action of Beth Ann

Cobb.

## III. CONCLUSION

Based on the foregoing reasoning, both Plaintiffs' motion to dismiss and

Defendants' motion to sever are granted.  Moreover, Defendants' motion for leave

to file a third party complaint is granted. An appropriate Order will follow.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge